IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**STOLLER ENTERPRISES, INC.**                              **PLAINTIFF**

**V.**                           **4:04CV1130JMM**

**NATIONAL ZINC PROCESSORS, INC.**                        **DEFENDANT**

## ORDER GRANTING PLAINTIFF'S MOTION
## FOR PARTIAL SUMMARY JUDGMENT

Pending is Plaintiff's Motion for Partial Summary Judgment. The Defendant has responded. For the reasons set forth below, the Motion is GRANTED.

### Facts

Plaintiff purchased zinc oxide from the Defendant in October and November 2000. Plaintiff alleges that the zinc oxide it purchased from the Defendant was defective and caused an explosion in its warehouse in Helena, Arkansas in November 2000. Plaintiff requested that the Defendant repurchase the zinc oxide from Plaintiff and pay for the damages resulting from the alleged defective product.

Plaintiff filed suit against the Defendant on October 4, 2004 for breach of contract, promissory estoppel, breach of warranties under the UCC, and negligent misrepresentation. In March of 2005, the Defendant sent Plaintiff a purchase order indicating the Defendant agreed to repurchase all of the remaining zinc oxide in Plaintiff's warehouse in Helena, Arkansas. The Defendant agreed to repurchase the remaining zinc oxide at a purchase price of $0.20 per pound. Pursuant to this March 2005 purchase order, the Defendant removed all of the defective zinc oxide that it had previously sold to Plaintiff from Plaintiff's Helena warehouse. Plaintiff claims that the Defendant is in breach of the March 2005 Purchase Order because Defendant still owes

$132,304.00 under the Purchase Order.  Further, Plaintiff seeks prejudgment interest and attorneys' fees.  Plaintiff has filed this motion for summary judgment of its breach of contract claim arising from the March 2005 Purchase Order.

## Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues.  *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be

granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

It is undisputed that the March 2005 Purchase Order constitutes a contract between the Plaintiff and the Defendant for the sale of the "balance" of zinc oxide at the Global Marine Warehouse.  (Defendant's Response to the Pl.'s Mot. for Summ. Judg. at para. 7).  The terms of the purchase are "Net 45," FOB West Helena, AR with a ship date of "ASAP."  The Defendant is to pay $0.20 per unit for a total of $150,000.00.  The Defendant is to ship the product via its own truck.

Plaintiff claims that the Defendant still owes $132,304.00 on this contract.  The Defendant's response is that Plaintiff is due to be paid 45 days after National takes delivery of the materials.  Defendant contends that Plaintiff has not submitted any evidence of when the delivery of the materials took place and, therefore, there is no evidence that the Defendant is past due in payment for the zinc oxide.  The Defendant is correct.  Plaintiff has failed to provide any evidence which identifies the date on which the Defendant picked up the zinc oxide from the Plaintiff's warehouse.

However, in the Answer to the First Amended Complaint Defendant admits that it had "picked up materials pursuant to [the March 2005] purchase order."  This Answer was filed on November 1, 2005.  Assuming the materials were picked up the day before filing this Answer, or October 31, 2005, payment in full for the materials would be due on December 15, 2005.  There

is no evidence in the record that full payment has been made by the Defendant.

Plaintiff also seeks prejudgment interest. In a diversity case, the question of prejudgment interest is a substantive one, controlled by state law. *Emmenegger v. Bull Moose Tube Co.,* 324 F.3d 616, 624 (8th Cir. 2003)(en banc)(citing Swope, 243 F.3d at 497; *Happy Chef Sys., Inc. v. John Hancock Mut. Life Ins. Co.,* 933 F.2d 1433, 1435 (8th Cir.1991). Under Arkansas law, "(t)he test in prejudgment interest cases is whether there is a method of determination of the value of the property at the time of the injury. If such method exists, prejudgment interest should be allowed." *Lovell v. Marianna Federal Savings & Loan Association*, 589 S.W.2d 577 (Ark. 1979). The amount due on the 2005 Purchase Order is capable of exact computation. Therefore, prejudgment interest is allowed. However, because the Court must assume that the due date for payment under the Purchase Order is December 15, 2005 and because this Order and corresponding Judgment are also dated December 15, 2005, no prejudgment interest is required.

Accordingly, the Court finds that the Defendant is in breach of the March 2005 Purchase Order. The Defendant is ordered to pay the balance due under the Purchase Order on or before December 20, 2005.

Plaintiff's Motion for Partial Summary Judgment (Docket # 14) is GRANTED.

IT IS SO ORDERED this 19th day of December 2005.

*/s/ James M. Moody*
James M. Moody
United States District Judge